RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 11/19/12
BY em

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SOUTHWESTERN ELECTRIC POWER COMPANY; AMERICAN ELECTRIC POWER SERVICE CORPORATION; AND AMERICAN ELECTRIC POWER COMPANY | CIVIL ACTION NO: 12-2065 <br><br> JUDGE DONALD E. WALTER |
| VERSUS | |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. BL0700847; GREAT LAKES REINSURANCE, (UK) PLC; THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY; ASSOCIATED ELECTRIC AND GAS INSURANCE SERVICES LIMITED; ACE AMERICAN INSURANCE COMPANY; INFRASURE LTD.; ARCH INSURANCE COMPANY (EUROPE) LIMITED; ABC INSURANCE CO | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Remand [Doc. #13] filed by Plaintiffs Southwestern Electronic Power Company ("SWEPCO"), American Electric Power Company ("AEP"), and American Electric Power Service Corporation ("AEPSC") (collectively "Plaintiffs"). Defendants Certain Underwriters at Lloyd's of London ("Lloyds"), Great Lakes Reinsurance (UK) PLC ("Great Lakes"), The Princeton Excess and Surplus Lines Insurance Company ("Princeton"), Associated Electric and Gas Insurance Services Limited ("AEG"), Ace American Insurance Company ("Ace"), Infrassure Limited ("Infrassure"), and Arch Insurance Company (Europe) Limited ("Arch") oppose

1

Plaintiffs' motion. For the reasons stated herein, Plaintiffs' Motion to Remand [Doc. #13] is hereby **DENIED**.

## BACKGROUND

On September 16, 2011 SWEPCO filed a petition in the First Judicial District Court, Caddo Parish, Louisiana ("1st J.D.C."), seeking indemnity from its insurers for heat steam recovery generators that were damaged while being transported. [Doc. #13-2]. On October 26, 2011, Defense counsel sent an email ("the email") to Plaintiffs' attorney requesting that plaintiffs amend their petition to remove certain defendants from the suit who were not insurers under the policy. [Doc. #13-2 at 17]. Additionally, defense counsel noted that SWEPCO and Princeton were both incorporated under the laws of Delaware, so they "will not be removing this matter to federal court as complete diversity does not exist." [Doc. #13-2 at 17]. On November 10, 2011, Plaintiffs' attorney replied to the request, stating that an amended petition would be filed, and confirming that "the information [Defendants' counsel provided] as to the proper party Defendants is correct and complete and that this would not result in the removal of the case to federal court." [Doc. #13-2 at 18]. The amended petition was filed in the 1st J.D.C. on November 21, 2011, and Defendants filed an answer in the 1st J.D.C. on December 22, 2011. [Doc. #1-2 at 108].

On January 9, 2012, Defendants filed a Motion to Stay Proceedings and Compel Arbitration. [Doc. #1-2 at 90]. The matter was set for a hearing on February 6, 2012 [Doc. #1-2 at 89], but was continued on two occasions by agreement of counsel. [Doc. #1-2 at 87, 88].

Defendants removed the case on July 31, 2012, alleging federal question jurisdiction under 28 U.S.C. § 1331 pursuant to the Convention on Recognition and Enforcement of Foreign Arbitral Awards ("Convention Act"). 9 U.S.C. §§ 201–08. [Doc. #1]. Plaintiffs filed this Motion to Remand

2

on August 31, 2012 on the basis that Defendants waived their right to remove in one of two ways: (1) in the email sent on October 26, 2011, or (2) by litigating in state court. [Doc. #13-1].

## DISCUSSION

The parties raise two separate issues that must be addressed. First, whether Plaintiffs' Motion to Remand was timely under 28 U.S.C. § 1447(c), as the motion was filed 31 days after the notice of removal. Second, whether Defendants waived their right to remove this case to federal court under the Convention Act.

### 1. Timeliness of Plaintiffs' Motion to Remand

Defendants contend that Plaintiffs' motion to remand was untimely because it was filed 31 days after the notice of removal was filed with the Court. A motion to remand based on a procedural defect must be filed within 30 days from the filing of the notice of removal. 28 U.S.C. § 1447(c). In this case, the 30th day following the filing of the notice of removal was August 30. The clerk's office was closed on that day, however, due to Hurricane Isaac.

Federal Rule of Civil Procedure 6(a)(3)(A) provides that when the clerk's office is inaccessible on the last day of filing, the filing deadline is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday. Furthermore, "[o]fficial closure of the Clerk's office for any reason makes that office 'inaccessible.'" *Chao Lin v. U.S. Attorney Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012). Therefore, under Rule 6 the deadline for filing the motion to remand was extended to the next business day, August 31. Because Plaintiffs filed before midnight on August 31st, the motion to remand was timely.

### 2. Waiver of Removal Rights under the Convention

Congress enacted the Convention Act in an effort "to encourage the recognition and

enforcement of commercial arbitration agreements and international contracts and to unify the standards by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974) (citations omitted). Section 205 of the Convention Act provides for removal:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding. The procedure for removal of causes otherwise provided by law shall apply, except for the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.

9 U.S.C. § 205. The Fifth Circuit has described § 205 as "one of the broadest removal provisions...in the statute books." *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006). Removal under § 205 is so generous that "the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases.'" *Id.* (quoting *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1207–08 (5th Cir. 1991)). The parties do not dispute whether this case falls under the Convention Act. Rather, the only issue before the Court is whether Defendants have waived the rights granted them under § 205.

### A. Contractual Waiver of Removal Right

A party may contractually waive its removal right if the contractual clause clearly and unequivocally waives the right. *Enesco Intern., Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443 (5th Cir. 2009) (quoting *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)); *McDermott Intern., Inc.*, 944 F.2d at 1209. A party may clearly and

4

unequivocally waive its removal rights in three ways: "[1] by explicitly stating that it is doing so, [2] by allowing the other party the right to choose venue, or [3] by establishing an exclusive venue within the contract." *New Orleans*, 376 F.3d at 504; *Enesco Intern., Inc.*, 579 F.3d at 443–44.

Plaintiffs contend that Defendants waived their removal rights in the email by stating: "Please note that both SWEPCO and Princeton Express and Surplus Lines Insurance Company are incorporated under the laws of the State of Delaware. So, we will not be removing this matter to federal court as complete diversity does not exist." [Doc. #13-2 at 17]. The Court finds that this statement fails to provide a clear and unequivocal waiver of removal rights under any of the three ways contemplated by the *New Orleans* formulation. *See Enesco*, 579 F.3d at 443–44.

First, a defendant may waive its removal rights "by explicitly stating that it is doing so." *Id.* In this case, Plaintiffs claim that Defendants' statement—"we will not be removing this matter to federal court as complete diversity does not exist"—coupled with SWEPCO's response, is an explicit statement of waiver. [Doc. #13-1 at 7]. In support of their argument, Plaintiffs quote *Enesco*, where the 5th Circuit rejected a "magic words" approach to waiver: "The *McDermott* court, however, never stated it would reject purported waivers that do not incant the specific words that Underwriters claim are required." [Doc. #13-1 at 6], *Enesco*, 579 F.3d at 444. Plaintiffs also cite Judge Owen's concurrence, who "would not demand that to be effective, a waiver of removal rights under 9 U.S.C. § 205 must contain the word 'remove' or 'removal' or a reference to the statute." *Id.* at 450 (Owen, J., concurring).

It appears that Plaintiffs mistakenly perceive these statements to stand for the proposition that a waiver does not have to contain the words "remove," "removal," or other "magic words" in order to be *explicit*. The Court disagrees with Plaintiffs' interpretation. These passages, as the

5

Court understands them, explain that a waiver need not contain any "magic words" to be *clear and unequivocal*. An explicit waiver is simply one of the three ways in which a defendant may clearly and unequivocally waive its removal rights. That is, in addition to the explicit statement standard, two *implicit* waiver standards apply in Convention Act cases which do not require any magic words. Contrary to Plaintiffs' appreciation of *Enesco*, it does appear that some form of "magic words" are required for a waiver to be *explicit*.[1] Because the email does not explicitly state that defendants are waiving their removal rights, the purported waiver fails under the first *New Orleans* waiver method.

The email fails to satisfy the second *New Orleans* basis for waiver because it does not allow Plaintiffs the right to choose venue. *Contra City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir. 1991). In *Rose City*, the court held that the defendant waived its removal right in a contractual clause which stated: "[W]e, at your request agree to submit to the jurisdiction of any Court of Competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters shall be determined in accordance with the law and

---

[1] In explaining why implied waiver, in addition to explicit waiver, is possible in Convention Act cases, the Fifth Circuit clarified the meaning of "explicit" in the waiver context:

> If the *McDermott* court had required actual reference to "waiver" and "removal," the analysis of the *McDermott* contract would have been straightforward: The court could merely have decided that because no such reference was present, there was no waiver. But the *McDermott* court did not do so; quite to the contrary, it began its analysis by observing that "[w]hen a policy's service-of-suit clause applies, its probable effect is to waive the insurer's removal rights." The *McDermott* court, in other words, would have considered accepting a waiver based on the second ground used in *New Orleans*, notwithstanding the fact that such a waiver would have been implicit.

*Enesco*, 579 F.3d at 445 (internal citations omitted). Thus, because the waiver contained in the *McDermott* contract did not contain "actual reference to 'waiver' and 'removal,'" the waiver was *implicit*. The corollary, therefore, is that a statement of waiver is *explicit* if it contains actual reference to "waiver" and "removal."

practice of such court." *Id.* at 14, 16. The *New Orleans* Court concluded that the "most reliable reading of *Rose City* is that a clause granting one party the right to choose venue must plainly give the party that right." *New Orleans*, 376 F.3d at 505. The email, taken in its entirety, does not clearly grant Plaintiffs the right to choose venue. Rather, the email simply communicates Defendants' inability to remove the case under diversity of citizenship jurisdiction.

Third, the statement in the email does not "establish[] an exclusive venue within the contract." *Enesco*, 579 F.3d at 444. The forum selection clause at issue in *Enesco* provides a clear example of a clause that establishes an exclusive venue. There, the Fifth Circuit held that a clause stating "Any disputes arising under or in connection with [the policy] shall be subject to the exclusive jurisdiction of the Courts of Dallas County, Texas" clearly and unequivocally waived Defendants right to remove. *Id.* at 449. The email clearly does not establish that the 1st J.D.C. will be the exclusive venue for the dispute.

Because Defense counsel's statement in the email fails to effect a clear and unequivocal waiver of removal rights under the *New Orleans* formulation, the email does not create a procedural defect in the removal.

### B. Waiver of Right to Remove Through Litigation in State Court

Plaintiffs also argue that Defendants waived their removal rights by actively participating in litigation in state court. [Doc. #13-1 at 7]. Specifically, Plaintiffs argue that Defendants invoked the state court's jurisdiction by consenting to service of the petition filed in state court, filing an answer containing affirmative defenses, filing a motion to compel arbitration and stay proceedings, and agreeing to two separate continuances of the hearing on the motion to compel arbitration and stay proceedings. [Doc. #13-1 at 8]. Plaintiffs cite several cases to support their argument that active

7

participation in state court proceedings can act as a waiver of a defendant's removal rights. *E.g., Carpenter v. Ill. Cent. Gulf R.R.*, 524 F.Supp. 249, 251 (M.D. La. 1981) ("If a party has good ground to remove a case to federal court, he cannot experiment on his case before removing the case to federal court."); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986); *Chicago Title & Trust Co. v. Whitney Stores, Inc.*, 583 F.Supp. 575 (N.D. Ill. 1984).

Although the cases Plaintiffs cite generally support an argument that participation in state court proceedings can amount to a waiver of removal rights, none of these cases involve removal under § 205 of the Convention Act. Section 205 provides that a defendant may remove a case falling under the Convention Act "at any time before trial thereof." The qualifying phrase "at any time before trial" necessarily contemplates that the case might be litigated to some extent before being removed. If—by agreeing to accept service, filing an answer, or engaging in motion practice in state court—a defendant could waive removal rights, the statutory language allowing removal at any time before trial would be rendered meaningless. *See A.O.A. v. Doe Run Res. Corp.*, 833 F.Supp.2d 1126, 1135 (E.D. Mo. 2011); *see also Ostrowiecki v. Aggressor Fleet, Ltd.*, No. 07-6598, 2007 WL 4365442, *3 n.40 (E.D. La. Dec. 12, 2007) ("Plaintiffs' contention that a party can waive its right to remove pursuant to § 205 by participating in state court litigation directly contravenes the clear time provision in § 205, which states that the defendant may remove 'at any time prior to trial.'"); *Pioneer Natural Res., U.S.A., Inc. v. Zurich Am. Ins. Co.*, No. 08-227JVPDLD, 2009 WL 362030 (M.D. La. Feb. 10, 2009) (finding that litigation in state court short of a trial on the merits does not waive removal rights under § 205); *Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 162 (3d Cir. 2000) ("[P]articipation in litigation and discovery...is irrelevant to the question of removal under the Convention Act, which provides that a defendant may remove 'at any time before trial' and imposes

no requirement that the defendant show cause for the delay.") (citing § 205).

Likewise, Plaintiffs' reliance on *Certain Underwriters at Lloyd's v. Bristol-Myers Squibb Co.*, 5 F.Supp.2d 756 (E.D. Tex. 1999), is similarly misplaced. In *Bristol-Meyers*, the district court granted a motion to remand in a case removed under the Convention Act. In that case, however, the first of three trials in a "trifurcated" proceeding had already been conducted and a jury verdict was returned in favor of the insured. Approximately one month after the first trial, the insurers removed the case to federal court. In granting the motion to remand, the court found that "removal following the first phase of the 'trifurcated' proceeding was inappropriate." *Id.* at 759. Clearly, a notice of removal filed after a jury verdict violates the § 205 requirement that the case be removed before trial.

Section 205 is clear that a defendant may remove an action falling under the Convention Act at any time before a trial on the merits. As such, Defendants cannot be deemed to have waived their removal rights under the Convention Act through participation in state court litigation short of a trial on the merits.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants did not waive their right to remove this case under § 205 of the Convention Act. Accordingly, removal was proper. **IT IS ORDERED** that Plaintiffs' Motion to Remand [Doc. #13] is hereby **DENIED.**

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this 19 day of Nov, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

9