UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SOUTHWESTERN ELECTRIC POWER          CIVIL ACTION NO. 12-cv-2065
CO., ET AL

VERSUS                               JUDGE WALTER

CERTAIN UNDERWRITERS AT               MAGISTRATE JUDGE HORNSBY
LLOYDS OF LONDON, ET AL

## REPORT AND RECOMMENDATION

### Introduction

Southwestern Electric Power Company ("SWEPCO") is an electric utility that serves

north Louisiana and other areas.  It began construction in 2008 on a new Arsenal Hill Power

Plant in Shreveport.  Heat steam recovery generators were damaged during the construction

while being transported by rail on the construction site.  SWEPCO and its parent company

sought recovery for the damage under insurance policies issued in connection with the

project. Their claims were not successful, so they filed suit in Caddo Parish state court

against certain underwriters at Lloyd's of London and other insurers ("Defendants").

Defendants removed the case pursuant to the Convention on Recognition and

Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201-08.  Defendants then filed a

Motion to Compel Arbitration and Stay Proceedings (Doc. 16) that is now before the court.

They argue that a provision in the relevant policy requires the claim be arbitrated.  For the

reasons that follow, it is recommended that the motion be granted and that this case be stayed so that the parties may engage in the required arbitration.

**Relevant Policy Provisions**

An insurance broker representing SWEPCO communicated with other insurance brokers in an effort to obtain coverage related to the construction project.  Several persons were involved, including representatives of underwriters.  Despite a great deal of time allowed for discovery on the issue and the filing of supplemental briefs, no party has plainly explained how the policy came into being, beginning with the first draft.  What is known is that a proposed policy landed in the hands of Mr. Andrew Clydesdale, who was then an underwriter of construction projects for one of the insurers.  He reviewed, made changes to, and approved language in what would become a master policy.  The master policy served as a template for individual policies that insured various risks associated with the construction project. It does not appear that Mr. Clydesdale made any changes to the provisions at issue in this arbitration dispute.

The Lloyd's policy at issue here insured the transit, installation, start-up, and related activity regarding certain generators at the Shreveport site.  Section 6.2 of the General Conditions provision of the policy states that due observance of the terms of the policy as they relate to anything to be done or complied with by SWEPCO shall be a condition precedent to any liability of the insurers.  The next provision, Section 6.3 (Arbitration), sets forth seven paragraphs.  The first provides:

> (a) All disputes or differences whatsoever between the parties to this Insurance arising in connection with this Agreement shall be referred initially to the arbitration of three arbitrators.

The next four paragraphs of Section 6.3 provide for the method of selection of the arbitrators, their qualifications, and similar matters.  Section 6.3 then concludes with the following provisions:

> (f)      The place of arbitration shall be in Texas, U.S.A., and the arbitrators shall apply the laws of Texas as the proper law of this Contract.

> The award of the arbitration tribunal shall be in writing and binding upon the parties who consent to carry out the same.

Section 6.5, also found in the General Conditions portion of the policy, sets forth the obligations of SWEPCO in the event of an accident that might give rise to a claim.  The provision requires prompt notice to the insurers, the supply of relevant information and documentary evidence, information about other insurance, and the like.  Section 6.5 ends with this provision:

> If a claim is made and rejected and no action, suit or reference to arbitration is commenced by the Insured within six months after such rejection, then, for all purposes, the claim shall be regarded as having been abandoned and shall not be recoverable under this Policy.

Another provision of the policy relevant to the issues before the court is Section 6.11, "Service of Suit Clause (U.S.A.)."  It states:

> It is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters hereon, at the request of the Insured (or Reinsured), will submit to the jurisdiction of a Court of competent jurisdiction within the United States.

Section 6.11 goes on to agree that service of process in such a suit may be made upon certain attorneys in New York and that the Underwriters will abide by the final decision of such a court.

**The Convention Act**

The Convention Act provides that "[a] court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States." 9 U.S.C. § 206.  The Convention "contemplates a very limited inquiry by courts when considering a motion to compel arbitration." Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co., 767 F.2d 1140, 1144 (5th Cir.1985).

The Convention Act's implementing legislation incorporates the entire Federal Arbitration Act ("FAA"), at least to the extent the FAA does not conflict with the Convention. 9 U.S.C. § 208.  The Convention and its implementing legislation do not explicitly authorize a stay of litigation pending arbitration, but parties whose arbitration agreements fall under the Convention may seek a stay under 9 U.S.C. § 3, a provision of the domestic FAA. Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd., 601 F.3d 329, 332 (5th Cir. 2010).[1]

_____

[1] A Louisiana statute, La. R.S. 22:868, prohibits arbitration agreements in insurance contracts, but the Fifth Circuit has held that the Convention supersedes it. Safety Nat'l Cas. Corp. v. Certain Underwriters At Lloyd's, London, 587 F.3d 714, 732 (5th Cir. 2009).

The court should compel arbitration if (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen. <u>Freudensprung v. Offshore Technical Servs., Inc.</u>, 379 F.3d 327, 339 (5th Cir. 2004). "If these requirements are met, the Convention requires district courts to order arbitration." <u>Sedco</u>, 767 F.2d at 1145.

**Policy References to Suits and Service**

Claimants in some cases have argued that a service of suit clause similar to that found in this policy overrides an arbitration clause and allows them to pursue a lawsuit rather than arbitration. SWEPCO does not make such a broad claim. It states in its brief: "SWEPCO has not argued that the service of suit provision alone precludes arbitration."

SWEPCO does argue, however, that when Section 6.11 (Service of Suit), Section 6.3 (Arbitration), and Section 6.5 (Claims) are read together, they give the insured the right to choose a lawsuit or arbitration. SWEPCO particularly emphasizes the language in the Claims clause that if a claim is made and rejected "and no action, suit or reference to arbitration is commenced" within six months then the claim is regarded as abandoned. SWEPCO argues that this language gave it the option to pursue either "suit or ... arbitration."

The undersigned reads the policy to, without ambiguity, allow the claimant *to prevent abandonment* by commencing arbitration or a lawsuit. That does not mean, however, that the suit would not be subject to a motion to compel arbitration as required by Section 6.3. Lloyds might elect to allow the matter to be resolved through the litigation process, as it

initially did in this case, or it could elect to enforce the arbitration clause.  It is an unreasonable construction of Section 6.5 to conclude that its allowance that the filing of a suit prevents abandonment completely overrules the preceding language that "[a]ll disputes or differences whatsoever between the parties ... shall be referred initially to the arbitration of three arbitrators."   The court's reading of the policy allows each phrase to have independent meaning and does not leave the arbitration clause as essentially meaningless, which SWEPCO's interpretation would do.

**SWEPCO's Consent**

SWEPCO next argues that the arbitration provision is not binding as written and requires additional consent by SWEPCO to enforceable.  Section 6.3, after stating that all disputes or differences between the parties shall be referred to arbitration, and setting forth various rules for that arbitration, concludes with the statement: "The award of the arbitration tribunal shall be in writing and binding upon the parties who consent to carry out the same."

The determination of whether there is a valid agreement to arbitrate is controlled by ordinary state-law principles that govern the formation of contracts.  Once an agreement is found to exist, its scope is  determined by applying the federal substantive law of arbitrability.  Pioneer Natural Res. U.S.A., Inc. v. Zurich Am. Ins. Co., 2009 WL 3415141 (M.D. La. 2009), citing  Datatreasury Corp. v. Wells Fargo & Co., 522 F.3d 1368, 1372 (5th Cir. 2008) and Graves v. BP America, Inc., 568 F.3d 221 (5th Cir. 2009).  SWEPCO argues that the parties are not bound by the arbitration agreement without additional consent from them. State law should, therefore, govern the issue.

There is some debate whether the laws of Texas, Louisiana, or even Ohio should govern this dispute, but the parties agree that there is no significant difference in the relevant jurisprudence.  Insurance policies are contracts, and the rights and obligations arising from them are construed in accordance with the rules generally applicable to contracts.  Ulico Cas. Co. v. Allied Pilots Ass'n, 262 S.W.3d 773, 778 (Tex. 2008); In re: Katrina Canal Breaches Litigation, 63 So.3d 955, 963 (La. 2011).  Those rules include the requirement that the contract be considered as a whole and that each part should be given effect. If the language in the insurance contract is clear and unambiguous, it should be enforced as written, and the court should not strain to find ambiguity where none exists.  Sensebe v. Canal Indemnity Co., 35 So.3d 1122, 1125 (La. App. 1st Cir. 2010); Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 133-34 (Tex. 1994).

When SWEPCO and Lloyd's entered into the policy agreement, which is a contract between the parties, it *then* consented to the agreement that all disputes or differences whatsoever arising in connection with the policy shall be referred to arbitration.  SWEPCO urges that the arbitration clause's statement that the award of the arbitration tribunal "shall be in writing and binding upon the parties who *consent* to carry out the same" (emphasis added) means that the preceding command to arbitration did not mandate arbitration but merely set up an option for the parties that would be triggered only if they later gave some additional consent to arbitration.  If that were the case, Section 6.3 regarding arbitration would be largely a waste of paper; it would serve only to set forth governing law and rules for an arbitration that could be held only if both parties later consented to the same.  There

would have been little reason to set forth such details regarding the arbitration if additional consent was required for any of them to be operative.

The reading of Section 6.3 that reflects the provision and policy as a whole and gives meaning to as much of the policy as possible is that the language focused upon by SWEPCO merely reflects that the parties, by entering into the policy, consented to carry out any award of an arbitration tribunal.  There would be no question that this was the case had the phrase read: " ... shall be in writing and binding upon the parties[,] who consent to carry out the same."  Clarification could also be achieved if the phrase were written: "who [do] consent to carry out the same."  Perhaps such drafting might have avoided this argument, but the court finds that it was not necessary to avoid ambiguity or achieve the same end.  The reasonable construction of Section 6.3 is that the parties, by entering into the policy, agreed to submit their differences to arbitration and be bound by the award of the arbitration tribunal, without the requirement of any additional consent from either party.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Compel Arbitration and Stay Proceedings (Doc. 16**) be **granted** and that the parties be ordered to resolve the claim presented in an arbitration conducted in accordance with the terms of their insurance policy.

**IT IS FURTHER RECOMMENDED** that this civil action be **stayed** and that the Clerk of Court close the case for administrative purposes, given the unlikelihood that further proceedings in this action will be necessary.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of August, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE